IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

MICHAEL HURLEY,

    Plaintiff,

v.                                                           CASE NO. 1:14-cv-140-MW-GRJ

UNITED STATES OF
AMERICA, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, has filed a complaint (Doc. 1) and a motion for leave to proceed *in forma pauperis.* (Doc. 2.) Although Plaintiff's complaint is not on the proper form, and is more than fifty pages long, which exceeds the page limits imposed by the Local Rules, it is not necessary for Plaintiff to correct these deficiencies because this cause is due to be dismissed pursuant to the three strikes provision of 28 U.S.C. § 1915(g).

## DISCUSSION

Plaintiff is an inmate at Mayo Correctional Institution Annex. Plaintiff purports to raise a broad spectrum of claims which include a challenge to federal and Florida law regarding the right of prisoners to proceed *in forma pauperis* to more broad and unspecified claims that he was maliciously prosecuted, vindictively sentenced, denied the right to a fair trial and appeal, and "disenfranchised" by the Department of Corrections. As relief, Plaintiff seeks a declaration *inter alia* that: he is not a frivolous litigator; declaring that Fla. Stat. § 921.001(6) is unconstitutional; declaring that Fla.

Stat. § 944.023 is unconstitutional; declaring that the Antiterrorism Effective Death Penalty Act (AEDPA) and the Prisoner Litigation Reform Act (PLRA) are unconstitutional; declaring that Plaintiff's previously filed habeas petition under § 2254, which was dismissed as untimely (more than 14 years ago) would have been timely had Plaintiff been provided adequate access to the courts; and declaring that his claims are not barred by *Heck v Humphrey*, 512 U.S. 477 (1994). (Doc. 1.)

While the defects in the complaint are numerous and the claims fail to state causes of action upon which relief may be granted, the Court need not detail these deficiencies because Plaintiff is not permitted to proceed *in forma pauperis* as he is subject to the three strikes provision of The Prison Litigation Reform Act of 1995.

The Prison Litigation Reform Act of 1995 ("PLRA") provides that a prisoner may not bring a civil action under 28 U.S.C. § 1915:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This is commonly known as the PLRA's "three strikes" rule. "A prisoner under imminent danger of serious physical injury can qualify for the 'imminent danger exception,'" but the prisoner must allege a present imminent danger. Miller v. Donald, 541 F.3d 1091, 1095 (11th Cir. 2008); Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999).

Plaintiff is a three striker under 28 U.S.C. §1915(g). Indeed, Plaintiff concedes in his complaint that he is a three-striker. (Doc. 1 at 4.) Plaintiff previously filed three

federal cases which were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.  See <u>Hurley v. State of Florida</u>, Case No. 5:05-cv-212-WTH-GRJ (M.D. Fla. June 15, 2005)(dismissing case as frivolous); <u>Hurley v. State of Florida</u>, Case No. 5:03-cv-108-WTH-GRJ (M.D. Fla. June 24, 2003)(dismissing case as frivolous); <u>Hurley v. Moore</u>, Case No. 4:01-cv-517-WS (N.D. Fla. May 28, 2002)(dismissing case for failure to state a claim.)

Plaintiff, therefore, is not entitled to proceed as a pauper under 28 U.S.C. § 1915 and there is no claim or allegation in the complaint that he is in "imminent danger of serious physical injury."  Accordingly, Plaintiff's complaint should be dismissed pursuant to 28 U.S.C. § 1915(g) because Plaintiff has three strikes under the PLRA and because he does not allege that he is in any imminent danger.

## RECOMMENDATION

Based on the foregoing, it is respectfully **RECOMMENDED** that this case should be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g) because Plaintiff has three strikes.

**IN CHAMBERS**, at Gainesville, Florida, this 8th day of August 2014.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

*Case No: 1:14-cv-140-MW-GRJ*